**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

--------------------------------------------------------------

| | |
|---|---|
| MICHAEL WALLACE, CHRISTIAN JOHNSON, and JEFFEREY SUPER, on their own behalves and on behalf of all others similarly situated<br><br>          Plaintiffs,<br>v.<br><br>COMMUNICATIONS UNLIMITED, INC., a North Carolina Corporation; C.U. EMPLOYMENT, INC., an Alabama Corporation; COMMUNICATIONS UNLIMITED OF THE SOUTH, INC., an Alabama Corporation; COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC. an Alabama Corporation; COMMUNICATIONS UNLIMITED MARKETING SERVICES, INC. a North Carolina Corporation; BROADBAND INFRASTRUCTURE & CONNECTION, LLC a Texas Limited Liability Company; COMMUNICATIONS UNLIMITED LLC, a Missouri limited liability company; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Civil Action No.<br><br>**COMPLAINT**<br>**FLSA COLLECTIVE ACTION AND**<br>**RULE 23 CLASS ACTION**<br><br><br>**JURY TRIAL DEMANDED** |

NOW COME Plaintiffs Michael Wallace, Christian Johnson and Jefferey Super ("Plaintiffs") by and through their attorneys, on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1.    Plaintiffs bring this action on behalf of themselves and all others similarly situated, against Defendants  Communications Unlimited, Inc., a North Carolina Corporation, C.U. Employment, Inc., an Alabama Corporation, Communications Unlimited Of The South, Inc., an Alabama Corporation; Communications Unlimited Contracting Services, Inc., an Alabama Corporation; Communications Unlimited Marketing Services, Inc., a North Carolina

Corporation; Broadband Infrastructure & Connection, LLC, a Texas Liability Company and Communication Unlimited LLC, a Missouri Limited Liability Company ("Defendants," or the "Communications Unlimited"), to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiff Michael Wallace ("Plaintiff Wallace") brings this action, on behalf of himself and other employees similarly situated, to remedy violations of Missouri Law, including the Missouri Minimum Wage Law, Section 290.500 R.S.Mo., *et seq*. ("MMWL"). Plaintiff Wallace seeks, for himself and all other similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, statutory damages, interest, liquidated damages, reasonable attorneys' fees, and costs and all other appropriate legal and equitable relief, pursuant to *inter alia* the MMWL § 290.527.

3.      Plaintiffs Christian Johnson ("Plaintiffs Johnson") and Jefferey Super ("Plaintiffs Super") also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of North Carolina Law, including the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 et seq. Plaintiffs Johnson and Super seek, for themselves and all other similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, statutory damages, interest, liquidated damages, reasonable attorneys' fees, and costs and all other appropriate legal and equitable relief.

4.      Plaintiffs are former "Wire Technicians" employed by Defendants to install cable modems, routers and wireless networks in residential and commercial environments. Plaintiffs allege that Defendants systemically and uniformly failed to pay Plaintiffs and members of the putative class all wages owed including overtime wages. Additionally, Plaintiffs allege that Defendants had a policy, practice and procedure of breaching the compensation agreement with Plaintiffs and other members of the putative class by failing to pay all monetary sums owed at the agreed rate and failing to pay the members of the Rule 23 Class under the terms of the bonus

program and by failing to properly calculate overtime wages by increasing the hourly rate to account for non-discretionary bonuses. Plaintiffs allege that Defendants required them and the other members of the putative class to pay for expenses incurred in the exercise of their duties including fuel expenses. These expenses including but not limited to transportation expenses, were for the convenience and benefit of the named Defendants.

5.     The members of the proposed classes are defined more specifically below but generally include: all current and/or former employees of Communications Unlimited who hold or have held non-exempt positions during the relevant time period.

## JURISDICTION

6.     Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     Jurisdiction of this Court over Plaintiffs' state law claims including, but not limited to, the MMWl and NCWHA, is invoked pursuant to 28 U.S.C. § 1367(a) in that the state law claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

8.     Venue in this district and this division is appropriate pursuant to 28 U.S.C. §§ 1390(b)(3) and 1391(c), because Plaintiff Wallace resides in this district, many of the events complained of occurred in this district, and, upon information and belief, Defendants conduct business and are located in this judicial district and Defendants reside in this district.

## PARTIES

9.     Plaintiff Wallace is over the age of eighteen and a resident of St. Louis, Missouri. Plaintiff Wallace and was continuously employed within the meaning of 29 U.S.C. §§ 203(d) and MMWL § 290.500(3).  At all relevant times, Plaintiff Wallace was employed by Defendants as a non-exempt hourly employee.  Plaintiff Wallace's written consent to join this action as to Cause of Action One pursuant to 29 U.S.C. §216(b) is attached hereto as **Exhibit "A"** (with private information redacted).

10.     Plaintiff Wallace alleges that he was employed full-time by Defendants as a "Wire Technician" from approximately February of 2013 until March/April 2015.  Plaintiff

Wallace was again employed by Defendants in the same capacity from approximately August 2015 until April of 2016.  During his tenure as an employee of Defendants Plaintiff Wallace was paid approximately $10 an hour by Defendants.

11.     Plaintiff Johnson is over the age of eighteen and a resident of Durham, North Carolina. Plaintiff Johnson was continuously employed within the meaning of 29 U.S.C. §§ 203(d) and (e), and N.C. Gen. Stat. § 95-25.2(3, 4).  At all relevant times, Plaintiff Johnson was employed by Defendants as a non-exempt hourly employee.  Plaintiff Johnson's written consent to join this action as to Cause of Action One pursuant to 29 U.S.C. §216(b) is attached hereto as **Exhibit "B"** (with private information redacted).

12.     Plaintiff Johnson alleges that he has been employed full-time by Defendants as a "Wire Technician" from approximately June to October 2016.   Plaintiff Johnson was paid approximately $12 an hour by Defendants.

13.     Plaintiff Super is over the age of eighteen and a resident of Durham, North Carolina. Plaintiff Super was continuously employed within the meaning of 29 U.S.C. §§ 203(d), (e), and (m) and N.C. Gen. Stat. § 95-25.2(3, 4). At all relevant times, Plaintiff Super was employed by Defendants as a non-exempt hourly employee.  Plaintiff Super's written consent to join this action as to Cause of Action One pursuant to 29 U.S.C. §216(b) is attached hereto as **Exhibit "C"** (with private information redacted).

14.     Plaintiff Super alleges that he has been employed full-time by Defendants as a "Wire Technician" from approximately June 2015 to July 2016.  Plaintiff Johnson was paid approximately $12 an hour by Defendants.

15.     Defendant COMMUNICATIONS UNLIMITED, INC. is a corporation organized under the laws of the State of North Carolina and conducts business in St. Louis County in Missouri.

16.     Defendant C.U. EMPLOYMENT, INC., is a corporation organized under the laws of the State of Alabama and licensed as a corporation in the State of Delaware (File No. 5694079).  Based upon information and belief, Defendant C.U. EMPLOYMENT, INC. conducts business in St. Louis County in Missouri.

17.    COMMUNICATIONS UNLIMITED OF THE SOUTH, INC., is a foreign corporation organized under the laws of the State of Alabama. Based upon information and belief, COMMUNICATIONS UNLIMITED OF THE SOUTH, INC. and conducts business in St. Louis County in Missouri.

18.    COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC. is a corporation organized under the laws of the State of Alabama. Based upon information and belief, COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC. and conducts business in St. Louis County in Missouri.

19.    COMMUNICATIONS UNLIMITED MARKETING SERVICES, INC. is a foreign corporation organized under the laws of the State of North Carolina. Based upon information and belief, COMMUNICATIONS UNLIMITED MARKETING SERVICES, INC. and conducts business in St. Louis County in Missouri.

20.    BROADBAND INFRASTRUCTURE & CONNECTION, LLC is a limited liability company organized under the laws of the State of Texas. Based upon information and belief, BROADBAND INFRASTRUCTURE & CONNECTION, LLC conducts business and conducts business in St. Louis County in Missouri.

21.    COMMUNICATION UNLIMITED LLC, a Missouri limited liability company organized under the laws of the State of Texas. Based upon information and belief, COMMUNICATION UNLIMITED LLC conducts business and conducts business in St. Louis County in Missouri.

22.    Plaintiffs allege that the Defendant entities form a single integrated enterprise as they share (a) some functional interrelation of operations, (b) centralized control of labor relations, (c) common management, and (d) common ownership or financial control.

23.    Plaintiffs further allege that the Defendants constitute joint employers as they share (a) the power to hire and fire Plaintiffs and other members of the putative class, (b) supervision and control of Plaintiffs and other technicians' work schedules or conditions of employment, (c) determination of the rates and methods of payment, and (d) maintenance of employment records.

24.    The members of the proposed class are likewise current and former employees of Defendants, employed by Defendants within the United States during the Class Period as non-exempt employees.

25.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in "interstate commerce" and/or in the "production of goods" for "commerce," within the meaning of 29 U.S.C. § 203. At all times relevant hereto, Defendants have been, and continue to be, "employers" as defined by 29 U.S.C. § 203(d), MMWL § 290.500(4) and NCWHA § 95-25.2(5).   At all relevant times, Defendants have employed "employee[s]", including Plaintiffs and each of the FLSA Collective Plaintiffs and the members of the Class.

## FACTUAL ALLEGATIONS

26.    Defendants perform cable television and internet installation services in multiple states, including, but not limited to, Missouri, Alabama, Georgia, Indiana, Maryland, North Carolina, South Carolina, Tennessee, Texas, Virginia, and Washington DC.

27.    Based upon information and belief, Defendants employ technicians to install cable television and internet services in subscribers' homes.

28.    Plaintiffs contend that they and the other members of the putative class were classified as "employees" by Defendants.

29.    At all times relevant to this litigation, Plaintiffs, the FLSA Collective Plaintiffs and the members of the Rule 23 Classes were compensated by Defendants based on an hourly and/or piece rate.   Plaintiffs, the FLSA Collective Plaintiffs and the members of the North Carolina Class were also eligible to receive non-discretionary bonuses based upon the service sold and/or performed.

30.    Plaintiffs allege that Defendants failed to pay them and the FLSA Collective Plaintiffs, and other members of the Rule 23 Classes all overtime wages due when they worked in excess of forty (40) hours in a week.

31.     Defendants permitted Plaintiffs, the FLSA Collective Plaintiffs and the members of the proposed Rule 23 Classes to perform this work and denied compensation pursuant to an established uniform policy or practice.

32.     At all times relevant to this action, Defendants both possessed and exercised the power and authority to direct, control and supervise the work performed by Plaintiffs, the FLSA Collective Plaintiffs and the members of the Rule 23 Classes. At all times relevant to this complaint, Defendants were "employers" of the Plaintiffs, the FLSA Collective Plaintiffs and the members of the Rule 23 Classes within the meaning of 29 U.S.C. §§ 203(d) MMWL 290.500(4) and NCWHA. § 95-25.2(5).

33.     Defendants' supervisors knew that Plaintiffs, the FLSA Plaintiffs and the members of the Rule 23 Classes were performing uncompensated work.    Nevertheless, Defendants failed to pay Plaintiffs, the FLSA Plaintiffs and the members of the Rule 23 Classes for all overtime owed and failed to pay wages at the agreed upon rate.

34.     Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class Members were not exempt from the FLSA, NCWHA or MMWL

35.     Additionally, Defendants failed to compensate Plaintiffs and the members of the North Carolina Class and the members of the Rule 23 Class for all bonus payments earned pursuant to Defendants' bonus compensation plan.

36.     Defendants compounded such error by failing to pay Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class Members premium overtime wages based upon the regular rate earned by them. Although at times, ostensibly paying overtime, Defendants have engaged in a pattern and practice of paying overtime based upon only the hourly component of the pay. They have not divided the nondiscretionary income employees from "bonuses" by the number of hours they worked each week so as to properly calculate the regular rate, upon which premium overtime pay must be calculated.

37.     Plaintiffs allege that Defendants required them and the other members of the putative class to pay for their gas expenses incurred in travel between Defendants' place of business and various customers' residences.  Plaintiffs allege that Defendants made promises to

Plaintiffs and the members of the FLSA Collective Class that the gas would be reimbursed and/or they would issue Plaintiffs and the members of the FLSA Collective Class with gas cards, however, Defendants failed to provide such cards.  The charges for the expenses described were for the convenience and benefit of the named Defendants.

38.     As a result of the above illegal policies and practices, Plaintiffs, the FLSA Collective Plaintiffs, and members of the Rule 23 Classes sustained substantial losses from Defendants' failure to pay them for all hours worked including overtime wages and failing to pay bonuses earned in accordance with the parties' agreement.

39.     Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Defendants failed to properly pay overtime wages for all hours worked. Defendants knew that the nonpayment of overtime wages would economically injure Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class Members, and that they violated the FLSA, MMWL and the NCWHA.

40.     Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class members.

41.     In the course of perpetrating these unlawful practices, Defendants also have failed to keep accurate records of the hours worked each day and each workweek by Plaintiffs as required under Missouri law. R.S. Mo. § 290.520

42.     Defendants thus enjoyed ill-gained profits at the expense of Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class members.

## COLLECTIVE ACTION ALLEGATIONS

43.     The Plaintiffs brings Count I, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of the following Class of persons (hereinafter the "FLSA Class" or "FLSA Collective Plaintiffs"):

> All current and former non-exempt employees of Defendants working in the United States for the period of time running from three (3) years from the filing of this Complaint through entry of judgment in this case.

44.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

45.    All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including, but not limited to, employee time clock reports and payroll records.

46.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required overtime wages.  The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

47. Plaintiffs allege that during the FLSA Class Period, they are and were:

    a.  individuals who resided in the United States of America;

    b.  were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

    c.  worked more than 40 hours in any given week;

    d.  did not receive all overtime compensation for all hours worked over 40 hours in any given week;

    e.  were not properly paid overtime compensation because Defendants failed to include non-discretionary bonus payments into their rate of pay;

    f.  worked regular hours for which they received no pay whatsoever;

    g.  are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

    h.  have signed a consent to sue that will be filed in this court.

48.    Other non-exempt current or former employee of Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees notice of the action and allow them to opt in to such an action if they so choose.

49.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

### **FEDERAL RULES OF COURT, RULE 23 CLASS ALLEGATIONS**

50.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

51.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action, pursuant to Federal Rules of Civil Procedure, Rule 23. The classes which Plaintiffs seek to represent are composed of, and defined as follows (collectively the "Rule 23 Classes"):

**Plaintiff Class:**

All employees who were or are employed by Defendants as "non-exempt employees" in Missouri, Alabama, Georgia, Indiana, Maryland, North Carolina, South Carolina, Tennessee, Texas, Virginia, and Washington DC during the Relevant Time Period (defined below).

**Missouri Wage Sub-Class:**

All employees who were or are employed by Defendants during the Missouri Class Period in Missouri as "non-exempt employees." As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the Missouri Labor Code.

**North Carolina Wage Sub-Class:**

All employees who were or are employed by Defendants during the North Carolina Class Period in North Carolina as "non-exempt employees." As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the North Carolina Labor Code.

52.    The Relevant Time Period shall be as follows:

a.    For members of the Plaintiff Class in the State of Alabama the relevant time period for the breach of contract claim shall be the date six years preceding the filing of the complaint through the date of the entry of judgment. For

members of the Plaintiff Class in the State of Alabama the relevant time period for the unjust enrichment claim shall be the date two years preceding the filing of the complaint through the date of the entry of judgment.

b.  For members of the Plaintiff Class in the State of Washington D.C. the relevant time period for the breach of contract claim shall be the date three years preceding the filing of the complaint through the date of the entry of judgment.  For members of the Plaintiff Class in the State of Washington D.C. the relevant time period for the unjust enrichment claim shall be the date three years preceding the filing of the complaint through the date of the entry of judgment.

c.  For members of the Plaintiff Class in the State of Georgia the relevant time period for the breach of contract claim shall be the date six years preceding the filing of the complaint through the date of the entry of judgment.  For members of the Plaintiff Class in the State of Georgia the relevant time period for the unjust enrichment claim shall be the date four years preceding the filing of the complaint through the date of the entry of judgment.

d.  For members of the Plaintiff Class in the State of Indiana the relevant time period for the breach of contract claim shall be the date ten years preceding the filing of the complaint through the date of the entry of judgment.  For members of the Plaintiff Class in the State of Indiana the relevant time period for the unjust enrichment claim shall be the date six years preceding the filing of the complaint through the date of the entry of judgment.

e.  For members of the Plaintiff Class in the State of Maryland the relevant time period for the breach of contract claim shall be the date three years preceding the filing of the complaint through the date of the entry of judgment.  For members of the Plaintiff Class in the State of Maryland the relevant time period for the unjust enrichment claim shall be the date three years preceding the filing of the complaint through the date of the entry of judgment.

11

f. For members of the Plaintiff Class in the State of Missouri the relevant time period for the breach of contract claim shall be the date ten years preceding the filing of the complaint through the date of the entry of judgment. For members of the Plaintiff Class in the State of Missouri the relevant time period for the unjust enrichment claim shall be the date five years preceding the filing of the complaint through the date of the entry of judgment.

g. For members of the Plaintiff Class in the State of North Carolina the relevant time period for the breach of contract claim shall be the date three years preceding the filing of the complaint through the date of the entry of judgment. For members of the Plaintiff Class in the State of North Carolina the relevant time period for the unjust enrichment claim shall be the date three years preceding the filing of the complaint through the date of the entry of judgment.

h. For members of the Plaintiff Class in the State of South Carolina the relevant time period for the breach of contract claim shall be the date three years preceding the filing of the complaint through the date of the entry of judgment. For members of the Plaintiff Class in the State of South Carolina the relevant time period for the unjust enrichment claim shall be the date three years preceding the filing of the complaint through the date of the entry of judgment.

i. For members of the Plaintiff Class in the State of Tennessee the relevant time period for the breach of contract claim shall be the date six years preceding the filing of the complaint through the date of the entry of judgment. For members of the Plaintiff Class in the State of Tennessee the relevant time period for the unjust enrichment claim shall be the date three years preceding the filing of the complaint through the date of the entry of judgment.

j. For members of the Plaintiff Class in the State of Texas the relevant time period for the breach of contract claim shall be the date six years preceding

the filing of the complaint through the date of the entry of judgment. For members of the Plaintiff Class in the State of Texas the relevant time period for the unjust enrichment claim shall be the date four years preceding the filing of the complaint through the date of the entry of judgment.

k.  For members of the Plaintiff Class in the State of Virginia the relevant time period for the breach of contract claim shall be the date five years preceding the filing of the complaint through the date of the entry of judgment. For members of the Plaintiff Class in the State of Virginia the relevant time period for the unjust enrichment claim shall be the date three years preceding the filing of the complaint through the date of the entry of judgment.

53.  The Missouri Wage Sub-Class Period runs from the date two years prior to the date of filing of this Complaint, through and including the date judgment is rendered in this matter.

54.  The North Carolina Sub-Class Period runs from the date three years prior to the filing of this Complaint through and including the date judgment is rendered in this matter.

55.  **Numerosity & Ascertainability:**  The members of the Rule 23 Classes (and each Sub-class thereof), are believed to include hundreds of individuals and thus are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the the class is readily ascertainable by review of Defendants' records, including payroll records.

56.  **Adequacy of Representation:**  The Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiffs have no interests antagonistic to the Class.  Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiffs.  Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in courts across the Country.

57.  **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class concerning Defendants: (a) failure to pay Plaintiffs and the Rule 23 Classes all wages, including

overtime wages, earned (b) failure to pay wages at the agreed upon rates; and (c) whether Defendants breached their compensation agreements with Plaintiffs and the North Carolina Class by failing to pay bonus commissions earned.

58.     **Typicality:**  The claims of the Plaintiffs are typical of the claims of all members of the Rule 23 Class.  Plaintiffs and other Rule 23 Class Members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiffs.  Plaintiffs seek recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

59.     The nature of this action and the format of laws available to Plaintiffs and members of the Rule 23 Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee and common law employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiffs with their vastly superior financial and legal resources.  Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

60.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

61.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Rule 23 Class identified herein, in a civil action, for declaratory and injunctive relief, unpaid wages, unpaid overtime, statutory damages, interest, liquidated damages, reasonable attorneys' fees, and costs and all other appropriate legal and equitable relief.

62.     Proof of a common business practice or factual pattern, which the Plaintiffs experience and are representative of, will establish the right of each of the members of the Rule 23 Class to recovery on the causes of action alleged herein.

63.     The Rule 23 Classes are commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants.  The Rule 23 Classes are commonly entitled to restitution of those funds being improperly withheld by Defendants.  This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

64.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the Federal Rules of Civil Procedure, Rule 23 because:

a.  The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants; and,

b.  The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

### FIRST CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME WAGES

**(FLSA, Brought by Plaintiffs on behalf of themselves and the FLSA Collective Plaintiffs)**

15

65.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

66.    Plaintiffs bring this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in a non-exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked.  To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

67.    The FLSA Collective Plaintiffs have been, and are, entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 et seq.  Defendants are subject to the requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.  Id.

68.    All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records

69.    The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation.  (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)  This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act.

70.    The FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to FLSA Class members. 29 U.S.C. § 213.

71.    The FLSA defines "employee" as "any individual employed by an employer."  29 U.S.C. § 203(e).

72.     The FLSA defines "employ" to include to suffer or permit to work. 29 U.S.C. § 203(g).

73.     The FLSA Collective Plaintiffs are, or were, employed by Defendants and, as such, are or were employees of Defendants. 29 U.S.C. § 203.

74.     As a pattern and practice, Plaintiffs and collective employees regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiffs and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

75.     Additionally, as a pattern and practice, Defendants failed to properly compensate Plaintiffs and the FLSA Collective Plaintiffs premium overtime wages based upon the regular rate earned by them. Defendants paid Plaintiffs and the members of the Plaintiff Class an hourly rate as well as non-discretionary bonus payments.  Although at times ostensibly paying overtime, Defendants have engaged in a pattern and practice of paying overtime based upon only the hourly component of the pay provided to employees. They have not divided the nondiscretionary income employees such as Plaintiffs and the FLSA Collective Plaintiffs derive from "bonuses" by the number of hours worked each week so as to properly calculate the regular rate, upon which premium overtime pay must be calculated.

76.     It is a clear federal law that, when one pays premium overtime pay, one must include in the base rate upon which one computes premium overtime, the value of nondiscretionary wages such as the "bonuses".

77.     At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay, the FLSA Collective Class Plaintiffs at the required overtime rates, for hours worked in excess of 40 hours per workweek.

78.     This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the Defendants to reimburse the named Plaintiffs and the FLSA Collective Plaintiffs for certain transportation expenses that the named Plaintiffs and the FLSA

Collective Plaintiffs seek to represent paid when those expenses were primarily for the benefit of the named Defendants.

79.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

       a.  Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiffs and other collective employees;

       b.  Whether Defendants failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendants as required by the FLSA;

       c.  Whether Defendants' policies and practices were to write down the time worked by Plaintiffs and collective employees;

       d.  Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;

       e.  Whether Defendants failed to reimburse Plaintiffs and the FLSA Collective Plaintiffs for expenses that were paid for by the primary benefit of the named Defendants;

       f.  Whether Defendants should be enjoined from continuing the practices which violate the FLSA; and

       g.  Whether Defendants are liable to the collective employees.

80.    As a result of Defendants' failure to pay overtime compensation for all hours worked, as required by the FLSA, Plaintiffs and collective employees were damaged in an amount to be proved at trial.

81.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, the FLSA Plaintiffs and members of the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages pay described pursuant to the FLSA.

82.    Alternatively, should the Court find that Defendants did act with good faith and reasonable grounds in failing to pay overtime wages, the FLSA Plaintiffs and members of the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

83.    Plaintiffs, therefore, demand that they and the collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which they were not compensated, reimbursed for expenses incurred in the performance of their duties, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

84.    Accordingly, Defendants are liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper.

85.    WHEREFORE, the Plaintiffs, on behalf of themselves and all members of the FLSA Collective Class, pray for relief as follows:

a.    Designation of this action as a collective action on behalf of the members of the FLSA Class and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all members of the opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

b.    A declaration that Defendants are financially responsible for notifying all FLSA Class Members of their alleged violations;

c.    Designation of Bradley/Grombacher LLP and Rynearson, Suess, Schnurbusch & Champion, as the attorneys representing the FLSA Collective Class;

d.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq.;

e.    An award of damages for compensation due to the FLSA Collective Plaintiffs and members of the FLSA Class, including liquidated damages, to be paid by Defendants;

19

     f.   Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

     g.   Pre-Judgment and post-Judgment interest, as provided by law; and

     h.   Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

///

///

///

///

///

## SECOND CAUSE OF ACTION

## VIOLATION OF THE MISSOURI WAGE AND HOUR ACT ("MMWL"), MMWL, R.S.Mo. § 290.500 *et seq*

### (By Plaintiff Michael Wallace and the Members of the Missouri Sub-Class against Defendants)

86.    Plaintiffs reassert and re-allege the allegations set forth above.

87.    At all relevant times herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the MMWL.

88.    MMWL authorizes court actions by private parties to recover damages for violation of Missouri's wage and hour laws. R.S. Mo. § 290.527.

89.    The MMWL regulates, among other things the payment of overtime wages by employers.

90.    During all times relevant to this action, Defendants were the "employer" of Plaintiffs within the meaning of the MMWL.

91.    During all times relevant to this action, Plaintiffs were Defendants' "employees" within the meaning of the MMWL.

92.    The MMWL exempts certain categories of employees from overtime pay obligations; however, none of the MMWL exemptions apply to Plaintiffs or the members of the Missouri Class. R.S. Mo. §§ 290.500(3) & 290.505.3.

93.    Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty hours in a workweek.

94.    Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay Plaintiffs and the members of the Missouri Class overtime wages required under Missouri law. In the course of perpetrating these unlawful practices, Defendants have also failed to keep accurate records of the hours worked by their employees as required by the MMWL.

95.    Plaintiff Wallace and the members of the Missouri Class are entitled to damages equal to the mandated overtime premium pay within the two years preceding the filing of the Complaint, plus periods of equitable tolling.

96.    Plaintiff Wallace and the members of the Missouri Class are entitled to an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

97.    Plaintiff Wallace and the members of the Missouri Class entitled to an award of pre-judgment interest at the applicable rate. Defendants are liable under the MMWL (R.S. Mo. § 290.527) for Plaintiffs' reasonable attorneys' fees and costs incurred in this action.

98.    Plaintiffs demand judgment against Defendants and prays for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other and further relief as the Court deems just and proper under the circumstances.

### THIRD CAUSE OF ACTION

### BREACH OF CONTRACT – FAILURE TO PAY WAGES AT AGREED RATE

**(By Plaintiffs and the Members of the Plaintiff Class against Defendants)**

99.    During times relevant, Plaintiffs and the members of the Plaintiff Class entered into contracts with Defendants whereby each employee agreed to perform services as part of

his/her employment by Defendants and Defendants agreed to compensate him/her for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

100.    Defendants breached and violated the Contracts by failing to pay Plaintiffs and the members of the Plaintiff Class for time worked.

101.    Prior to Defendants' breach and violation of the Contracts, Plaintiffs and the members of the Plaintiff Class performed his/her duties under the Contracts.

102.    As a direct result of Defendants' violations and breaches of the Contracts, as aforesaid, Plaintiffs and the members of the Plaintiff Class have been damaged.

103.    Plaintiffs and the members of the Plaintiff Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling which are not recoverable under the FLSA or MMWL.

104.    Plaintiffs and the members of the Plaintiff Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

### FOURTH CLAIM FOR RELIEF

### VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT ("NCWHA"),

### N.C. Gen. Stat. §§ 95-25.1 et seq.

### (By Plaintiffs Christian Johnson and Jefferey Super and the Members of the North Carolina Sub-Class against Defendants)

105.    Plaintiffs Christian Johnson and Jeffrey Super reassert and re-allege the allegations set forth above.

106.    Plaintiffs Super and Johnson's job performance and the job performance of the members of the North Carolina Sub-Class were fully satisfactory.

107.    Plaintiffs and the members of the North Carolina Sub-Class performed work in the Defendants' business and enterprise in excess of forty (40) hours in the same workweek for each of the weeks that they worked for Defendants.

108.    During many if not all of the workweeks that Plaintiffs and the members of the North Carolina Sub-Class worked for Defendants, Plaintiffs did not receive wages free and clear at the rate and in the amount described in or required by N.C. Gen. Stat. § 95-25.4 for

workweeks in which they worked in excess of 40 hours in the same workweek.

109.    During the entire time period Plaintiffs and the members of the North Carolina Sub-Class were employed by Defendants and, at the time of Plaintiff's hiring, as required by N.C. Gen. Stat. § 95-25.13(1), Defendants notified the Plaintiffs at the time of hiring of the promised wages that Defendants were going to pay the Plaintiffs for all hours worked.

## FIFTH CLAIM FOR RELIEF

### BREACH OF CONTRACT- FAILURE TO PAY BONUSES

**(By Plaintiffs Super and Johnson and the Members of the North Carolina Class against Defendants)**

110.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

111.    Plaintiffs allege that they were told that they would start earning bonuses based upon a bonus point system.  During orientation, Plaintiffs Johnson and Super and the other members of the North Carolina Class were instructed that they and the other members of the North Carolina Class could accumulate points that would be equal to a monetary value depending on what items were installed at customers' residences/businesses that were outside of the scheduled call visit. *For example*, installation of a wall plate was worth a certain amount of points.  Each day, Plaintiffs Johnson and Super and the other members of the North Carolina Class would turn in their paperwork, which would contain a list of what was installed at each location.  It was Plaintiffs Johnson and Super and the other members of the North Carolina Class' understanding that based upon the representations made to them during training and concurrent paperwork on the bonus program that Defendants were calculating the bonuses owed to each employee from these documents.  Plaintiffs allege that during their employment with Defendants that they and the other members of the North Carolina Class each accumulated points based upon the bonus system, which should have resulted in monetary bonuses.

112.    Plaintiffs contend that Defendants breached the terms of the Bonus Program by failing to pay Plaintiffs and the members of the North Carolina Class all monetary sums owed under the agreement by the due dates set forth in the documents provided to Plaintiffs during orientation and the concurrent oral promises.  In addition, Defendants breached the terms of the

Bonus Program by failing to pay all outstanding monetary sums to Plaintiffs and the members of the North Carolina Class upon termination.

113.    As a direct result of Defendants' breach, Plaintiffs and the members of the putative class have suffered damages in an amount yet to be determined.

## SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT

### (By Plaintiffs and the Members of the Plaintiff Class against Defendants)

114.    Plaintiffs plead this cause of action in the alternative and reassert and re-allege the allegations set forth above with the exception of all paragraphs pertaining to breach of contract claims.

115.    Plaintiffs and the members of the Plaintiff Class conferred benefits on Defendants, and Defendants received such benefits conferred upon them by Plaintiffs and the Plaintiff Class.

116.    Defendants appreciated the fact of the benefits.

117.    Defendants accepted and retained the benefits in circumstances that render such retention inequitable.

118.    Defendants have thereby been unjustly enriched and/or Plaintiffs have been damaged.

119.    Plaintiffs and the members of the Class are entitled to damages equal to all unpaid wages due within five years preceding the filing of this Petition plus periods of equitable tolling.

120.    Plaintiffs and the members of the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on behalf of the members of the putative class, pray for judgment against Defendants as follows:

1.    For an order certifying the proposed class;

2.    For nominal damages;

3.    For equitable relief, in the nature of declaratory relief, restitution of all monies

due to Plaintiffs and members of the putative class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

    4.    For monetary damages as a result of Defendants' breach of contract;

    5.    For penalties as permitted by the FLSA, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, for penalties permitted;

    6.    For interest as permitted by statute;

    7.    For costs of suit and expenses incurred herein as permitted by statute;

    8.    For attorney's fees as permitted by statute; and

///

///

///

    9.    For all such other and further relief that the Court may deem just and proper.

DATED: April ___, 2018    By: _____

                         SCOTT BJORSETH, ESQ., #41472

                         **RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION**

                         500 n. Broadway, Suite 1550
                         St. Louis, MO  63102
                         (314) 421-4330

                         Kiley L. Grombacher, Esq.
                         **BRADLEY/GROMBACHER, ESQ.**
                         2815 Townsgate Road, Suite 130
                         Westlake Village, CA  91361
                         (805) 270-7100
                         [Pending Pro Hac Vice]

                         Attorneys for Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their undersigned counsel, hereby demand a jury trial in the above- captioned matter.

DATED: April 4 , 2018          By: _____

                                   SCOTT BJORSETH, ESQ., #41472

**RYNEARSON, SUESS, SCHNURBUSCH**
**& CHAMPION**
500 n. Broadway, Suite 1550
St. Louis, MO  63102
(314) 421-4330

Kiley L. Grombacher, Esq.
**BRADLEY/GROMBACHER, ESQ.**
2815 Townsgate Road, Suite 130
Westlake Village, CA  91361
(805) 270-7100
[Pending Pro Hac Vice]

Attorneys for Plaintiff.

26